## WALTER BRASHEAR *v.* ZACHARIAH WHITE.

Where the plaintiff in an action commenced by injunction makes oath that the surety in the injunction bond is a material witness on his behalf, and that he cannot safely go to trial without his testimony, and offers other sufficient sureties present and willing to be bound, he will be entitled to have the name of the first surety erased, and the others substituted in his place, that he may examine the former as a witness. Such is the usual practice as to securities for costs and on attachment bonds.

APPEAL from the District Court of St. Mary, *Boyce,* J.

*W. C. Dwight,* for the appellant. The inferior court illegally refused to allow other sureties to be substituted on the injunction bond, that the original surety might be examined as a witness. 1 Mart. N. S. 185. 6 *Ib.* N. S. 673. 10 La. 447, 449.

*Maskell, T. H.* and *W. B. Lewis,* for the defendant.

BULLARD J. The plaintiff and appellant relies mainly for a reversal of the judgment rendered against him in this case, upon the ground that the plaintiff moved the court to permit the name of W. C. Dwight to be erased from the injunction bond, and that of H. Gibbons and B. C. Crow to be substituted as sureties, and that the pleadings be amended accordingly, in order to enable him to examine said Dwight as a witness on the trial, he having made oath that Dwight was an important and material witness in his behalf, and that he could not safely go to trial without his testimony ; which was refused by the judge presiding. It further appears, that the proposed substitutes were present, and willing to become sureties on the bond ; and this ruling of the judge was urged as one of the grounds of the plaintiff's motion for the new trial, which he complains was erroneously overruled.

The judge has not favored us with his reason for refusing to permit the objection to the surety to be removed so as to render him a competent witness, according to the usual practice in relation to securities for costs, and on attachment bonds, and which has more than once met the approbation of this court. See 10 La. 447. The counsel for the appellee, however, contends, that sureties in injunction bonds stand on a different footing

from those in relation to whom the substitution might be permitted; that by the act of 1831 they become parties plaintiff, and are liable, in the same proceeding, to be condemned, *in solido* with the plaintiff, for heavy damages, and that judgment had already been demanded against the surety. To this it is, we think, a sufficient answer, that the surety becomes a party merely *quoad* the damages to which the defendant might be entitled on the dissolution of the injunction, and that, in fact, the statute has merely provided a more prompt remedy against the surety than in ordinary cases. But we can see no substantial difference, nor any good reason why a party should in this case, any more than any other, be deprived of the benefit of material and important testimony, when he offers other and sufficient sureties who are ready and willing to subject themselves to the same liability, and in the same summary manner. The great ends of justice do not require that the rule should be so narrowed down.

We conclude that the court erred in not allowing a new trial.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed; that the case be remanded for a new trial; and that the appellee pay the costs of this appeal.